GENOVESE, Justice,
dissenting.
|J respectfully dissent from the majority decision. Of particular concern is the judicial edict, without specific legislative authority, that the choice of pharmacy in a workers’ compensation case belongs to the employer, disregarding the legislature’s directive in La.R.S. 23:1020.1(D)(2) that the Louisiana Workers’ Compensation Law shall not be construed “in favor of either employer or employee.”
Louisiana Revised Statutes 23:1203(A) delineates the obligation of an employer to “furnish” an injured worker “all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal ....” It does not necessarily give the employer the right to choose the pharmacy. The key word in La.R.S. 23:1203 is “furnish.” The dictionary definition of furnish is “to provide” or “to supply.” It could be literally interpreted to mean the employer itself would have to provide/supply the necessary drugs, et-cetera, to the employee. I seriously doubt *1033 that was the intent of the legislature. Employers cannot be deemed pharmacies. I view and interpret the word “furnish” to mean “to be responsible for,” not be able to control, dictate, or choose the employee’s drug provider.
Lafayette Bone & Joint Clinic v. Louisiana United Business SIF, 15-2137 (La. 6/29/16), 194 So.3d 1112, dealt with whether reimbursement was warranted for medications prescribed by physicians and dispensed by employees of the ^Lafayette Bone & Joint Clinic, an issue which tested the applicability of La.R.S. 23:1142(B). Finding that the evidence did “not raise a tenable employee choice issue,” this Court declined to address the choice-of-pharmacy question. Id. at 1117. There is no dispute in the instant matter that Injured Workers’ Pharmacy is an out-of-state provider. Louisiana Revised Statutes La.R.S. 23:1203(B) specifies the employer’s obligation under the reimbursement schedule.
Ready and quick access to medication is essential, and the employee should be able to choose his/her pharmacy. It is not inconceivable that the employer’s pharmacist or the employer may insist upon the use of generic drugs or insist upon one form of medication over another. The majority decision in this case will subject the employee to the whim of the employer’s pharmacy, and the law does not state such. Further, the law as written contemplates disputes over reasonableness and cost when the choice is made by the employee, it does not contemplate a scenario such as when the obligations of the employer imposed under La.R.S. 23:1203 are tested by a reasonableness and cost dispute with a pharmacy chosen by the employer. This is a matter for the legislature, whose duty it is to make the law—not the courts. It is injudicious to read the law in order to achieve a desired result. The law, as it stands today does not give the employer any preference over the employee to choose a pharmacy.